IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-00233-REB-MJW

QUINCY PROPERTIES, LLC a Colorado limited liability company

　　　　Plaintiff,

v.

HOME DEPOT U.S.A., INC., a Delaware corporation

　　　　Defendant.

**CONFIDENTIALITY AND PROTECTIVE ORDER** (Docket No 23.1)

　　　　Pursuant to FED. R. CIV. P. 26(c), the following Confidentiality and Protective Order (the "Order") shall govern the handling of discovery material, which shall consist of documents, depositions, deposition exhibits, and any other information produced, given, or exchanged by and among the parties with respect to the action pending in the United States District Court for the District of Colorado captioned *Quincy Properties, LLC v. Home Depot U.S.A., Inc.*, Case No. 1:15-cv-233-REB-MJW (the "Litigation").

## DEFINITIONS

　　　　1.　　"Documents" or "information" shall mean and include any document (whether in hard copy or electronic form), records, responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation.

2. "Expert" shall include consulting and/or testifying experts and consultants retained by either Party in connection with this Litigation. "Expert" does not include individuals serving as counsel in other litigation or proceedings involving one or more of the Parties.

3. "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any nonpublic documents or information in connection with this Litigation.

## CONFIDENTIAL INFORMATION

4. The Parties agree that entry of a confidentiality and protective order is necessary to protect confidential and other information produced by the parties in this matter. The Parties therefore agree that, in conjunction with the discovery proceedings in this Litigation, the Parties may designate any document, thing, material, testimony, or other information derived therefrom (hereinafter collectively referred to as "information") as "CONFIDENTIAL" under the terms of this Confidentiality Agreement and Protective Order (hereinafter "Order") which shall not be disclosed to third parties except as permitted by, and in accordance with, the provisions of this Order ("CONFIDENTIAL document"). "CONFIDENTIAL information" is information which has not been made public and which contains trade secret, proprietary and/or sensitive business or personal information.

5. CONFIDENTIAL documents shall be so designated by marking or stamping copies of the document produced to a Party with the legend "CONFIDENTIAL." Marking or stamping the legend "CONFIDENTIAL" on the cover of

any multi-page document or a file containing multiple documents shall designate all pages of the document or file as CONFIDENTIAL, unless otherwise indicated by the Producing Party.

6. Testimony taken at a deposition may be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition. In the event such a designation is made, the transcript or portion of the transcript shall be a CONFIDENTIAL document. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing information designated as CONFIDENTIAL, and to label such portions appropriately. Counsel for the Parties may also agree that an entire deposition transcript shall be designated CONFIDENTIAL. In the alternative, counsel for one or more of the Parties may designate a deposition or portion of a deposition as CONFIDENTIAL within ten (10) days of receipt of the transcript.

7. CONFIDENTIAL documents and the information contained therein shall be maintained in strict confidence by the Parties or third parties who receive such information, shall be used solely for the purposes of this Litigation, and shall not be used for any other purpose, including, without limitation, any business or competitive purpose. Confidential information shall not be disclosed to any person except to:

(a) The United States District Court for the District of Colorado (the "Court") and persons assisting the Court or assisting in the Litigation process (including, but not limited to, Court personnel, court reporters, stenographic reporters, videographers and electronic filing personnel);

(b) The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

(c) A Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, and settlement of this Litigation;

(d) Third party witnesses, including former employees of the Parties, as may reasonably be necessary in preparation for deposition or hearing testimony;

(e) Experts and their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside Counsel in this Litigation; and

(f) Support vendors or contractors retained by Outside Counsel for functions directly related to this Litigation, such as copying, document management, and graphic design.

8. All designations of information as CONFIDENTIAL by the Producing Party must be made in good faith. All Parties reserve the right to challenge the designation of information as CONFIDENTIAL. In the event of such a challenge, the Producing Party has the burden of establishing by the preponderance of the evidence the appropriateness of the CONFIDENTIAL designation.

9. Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL information to a person who created or previously received (as an addressee or by way of copy) such information.

10. The inadvertent production of any information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such information. If a Producing Party, through inadvertence, produces any CONFIDENTIAL information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on learning that the information was not marked CONFIDENTIAL, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary information) that such information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such information as CONFIDENTIAL in accordance with the notice from the date such notice is received.

11. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

12. If either Party files any document with the Court containing information designated as CONFIDENTIAL, it shall file such documents as a Restricted Document at the appropriate Restriction Level pursuant to the provisions of the local rules of the Court and shall file any associated documents or motions necessary to maintain the CONFIDENTIAL designation. All such materials so filed shall be released from restricted access only pursuant to the Court's direction.

13. This Order shall not be construed to prevent any Party from making use of or disclosing information that was lawfully obtained by a Party independent of discovery

in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own CONFIDENTIAL information as it deems appropriate.

14. If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL information that has been produced to it under the terms of this Order, such Party will notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any CONFIDENTIAL information shall use commercially reasonable efforts to maintain the confidentiality of such CONFIDENTIAL information and shall cooperate with the Party that originally produced the information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

15. Upon termination of this Litigation, either by settlement or other action, any Party and its counsel that obtained CONFIDENTIAL information through discovery shall either destroy the CONFIDENTIAL information (including all copies) or return all such CONFIDENTIAL information (including all copies) to the Producing Party. Counsel and the parties may retain one copy of pleadings; motions; deposition transcripts; exhibits submitted with such documents; and trial, hearing or other exhibits filed or otherwise submitted to the Court that contain CONFIDENTIAL information solely for archival purposes and the restrictions of this Protective Order shall apply for as long as they hold

such archival documents. If a Party chooses to destroy information under this Order rather than return such information to the Producing Party, the Party destroying the information shall inform the Producing Party's attorney(s) of record in writing that such CONFIDENTIAL information has been destroyed.

16. The obligation to treat all information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL information shall survive any settlement or other termination of this Litigation.

17. The Parties shall confer in advance of trial as to such appropriate protections as may be necessary during trial to protect information designated as CONFIDENTIAL.

18. The Parties shall have fifteen (15) days from the date of this Order to designate any documents already produced in this matter as CONFIDENTIAL. Such designation may be made by indicating in writing to counsel for the other Party the specific documents or information being designated as CONFIDENTIAL.

19. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

Dated this 30TH day of MARCH, 2015.

BY THE COURT

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-00233-REB-MJW

QUINCY PROPERTIES, a Colorado limited liability company

    Plaintiff,

v.

HOME DEPOT U.S.A., INC., a Delaware corporation

    Defendant.

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of *Quincy Properties v. Home Depot U.S.A., Inc.*, Case No. 1:15-cv-233-REB-MJW, United States District Court, District of Colorado, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents, or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2015 at _____.

Printed or typed name: _____

Signature: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-00233-REB-MJW

QUINCY PROPERTIES, a Colorado limited liability company

    Plaintiff,

v.

HOME DEPOT U.S.A., INC., a Delaware corporation

    Defendant.

## CERTIFICATION OF CONSULTANT

I, _____ [print or type full name]

of _____, am not an employee of the Party that retained me, or of a competitor of the opposing Party. If at any time after I execute this Certificate of Consultant and during the pendency of the Action I become an employee of a competitor of the opposing Party, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Designated Materials marked by the opposing Party as "CONFIDENTIAL" unless and until the Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2015 at _____.

Printed or typed name: _____

Signature: _____

023059\0010\12063304.1